UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RAED ABDULMUTALEB SAYMEH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-8-SDD-EWD** |
| **KRISTI NOEM, ET AL.** | |

## ORDER

Before the Court is a Verified Petition for Writ of Habeas Corpus and complaint for Declaratory Relief and Motion for Immediate Rule to Show Cause Hearing (the "Petitioner"), filed by Raed Abdulmutaleb Saymeh ("Petitioner").[1] Petitioner is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE") and is currently incarcerated at the Louisiana State Penitentiary immigration detention camp ("Angola" or "Camp 57"). Petitioner alleges that his continued detention is unconstitutional under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and requests immediate release from detention.

For the Court to determine what action to take, if any, on this application,

**IT IS ORDERED** that the respondent(s) file a response to the Petition together with a memorandum of legal authorities in support of said response within **twenty-one (21) days** of service of this Order. In answer, the respondent(s) shall provide the Court with competent summary judgment evidence indicating whether there is a significant likelihood of removal in the reasonably foreseeable future, or whether Petitioner's detention is otherwise lawful.[2] This evidence shall

---

[1] R. Doc. 1.

[2] While relevant to the inquiry as to whether Petitioner's detention is lawful, a post-removal-order period of greater than 90 days but less than 6 months should not be the sole evidence provided. *See, e.g., Ali v. Dep't of Homeland Sec.*,

include information regarding the length of time that Petitioner has been in post-removal-order custody, the date on which Petitioner's removal order became final, any administrative decisions relating to Petitioner's request for bond, and all documents relevant to the efforts made by immigration officials to obtain travel documents for Petitioner.

**IT IS FURTHER ORDERED** that Petitioner serve a copy of this Order on respondent(s).

**IT IS FURTHER ORDERED** that within **fourteen (14) days** of the filing of the response to the Petition, Petitioner shall file any reply memorandum. Petitioner may also file a request for discovery or request for more time before the 14 days expire. If Petitioner files nothing within these 14 days, the Court will assume the case record is complete.

After these deadlines have passed and the record is complete, the Court will determine if genuine issues of material fact exist—that is, whether there are disagreements over facts rather than law—and if an evidentiary hearing is necessary. If no hearing is needed, the Petition will be decided in due course.

Signed in Baton Rouge, Louisiana, on February 10, 2026.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

451 F.Supp.3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits.")